UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCHAWN D. LITTLE,  
    Petitioner,

Case No. 1:10-cv-468

vs.

Bertelsman, J.  
Litkovitz, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,  
    Respondent.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, which is opposed by petitioner. (Docs. 4, 5).

## I. PROCEDURAL HISTORY

### State Trial Proceeding

On November 21, 2005, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2) (Count One) and one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) (Count Two). (Doc. 4, Ex. 1). A firearm specification was attached to both counts, and two additional specifications were attached to the aggravated murder charge.[1] (Doc. 4, Ex. 1).

On February 8, 2006, petitioner pleaded guilty to kidnapping with firearm specification

---

[1] Specifically, with respect to the aggravated murder offense, the grand jurors further specified that (1) another person committed the offense for hire; and (2) petitioner, "who was not the principal offender in the commission of the aggravated murder, committed the aggravated murder with prior calculation and design." (Doc. 4, Ex. 1).

and conspiracy to commit aggravated murder. (Doc. 4, Ex. 2). In the written plea agreement executed by petitioner, as well as counsel for both parties, petitioner stated:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement stated entirely as follows:
>
>> Defendant will receive a sentence of 10 years on Count One, 1 year on the gun specification & 10 years on Count 2, all to be run consecutive, contingent upon defendant's consistent & continued cooperation in all other pending cases related hereto.

(Doc. 4, Ex. 2). The trial court accepted petitioner's guilty plea and, on February 14, 2006, issued a "Judgment Of Conviction Entry" sentencing petitioner in accordance with the plea agreement to an aggregate prison term of twenty-one (21) years. (Doc. 4, Exs. 2-3).

### Pre-Appeal Petition For Post-Conviction Relief

Petitioner did not pursue a timely appeal from his conviction or sentence. Instead, on June 8, 2006, nearly four months after the final judgment entry was entered on the record (*see* Doc. 4, Ex. 3), petitioner filed a *pro se* petition for post-conviction relief with the trial court. (Doc. 4, Ex. 4). In the petition, petitioner essentially claimed that his sentence was "void" because it was imposed in violation of his constitutional rights recognized by the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington,* 542 U.S. 296 (2004); and *United States v. Booker,* 543 U.S. 220 (2005). (Doc. 4, Ex. 4). On July 6, 2006, the trial court issued a Decision and Journal Entry dismissing the petition. (Doc. 4, Ex. 6).

### Motion For Delayed Appeal

With the assistance of new counsel, petitioner next filed a notice of appeal and motion for delayed appeal on October 13, 2006 with the Ohio Court of Appeals, Twelfth Appellate District.

2

(Doc. 4, Exs. 7-8). In the motion, petitioner asserted as "cause" for his failure to perfect a timely appeal of right that he "is a layperson with little or no understanding of the law" and that he "was not appointed counsel by the trial court to protect any of his appellate rights." (Doc. 4, Ex. 8, pp. 3-4). Petitioner further argued that a delayed appeal should be permitted because he had "expressed an intent to seek judicial review of his sentence" in his *pro se* post-conviction petition; he was sentenced under a "sentencing scheme . . . found to be unconstitutional" in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006); his trial counsel was ineffective; his sentence was "unreasonable" under *Booker*; and he was denied due process when the State refused to honor his original plea bargain with federal authorities for a ten-year sentence in exchange for his confession. (Doc. 4, Ex. 8, pp. 4-6).

On November 9, 2006, the Ohio Court of Appeals denied petitioner's motion for delayed appeal and dismissed the case without opinion. (Doc. 4, Exs. 10, 30).

Petitioner's counsel filed a timely appeal on petitioner's behalf with the Ohio Supreme Court. (Doc. 4, Exs. 11-12). On March 28, 2007, the Ohio Supreme Court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 4, Ex. 14).

**Post-Appeal Post-Conviction Motions**

On October 23, 2007, petitioner's counsel next filed a "Motion To Correct Void Sentence" on petitioner's behalf with the trial court. (Doc. 4, Ex. 15). In that motion, petitioner contended that his sentence was "void" because the kidnapping and conspiracy to commit aggravated murder offenses were "allied offenses of similar import" under Ohio Rev. Code § 2941.25, which should have been merged for sentencing purposes. (Doc. 4, Ex. 15).

In an entry filed December 6, 2007, the trial court dismissed the motion, which was construed as a petition "subject to the post conviction statutes, R.C. 2953.21 and 2953.23," as "an untimely, successive petition for post-conviction relief." (Doc. 4, Ex. 17, p. 2). Alternatively, the court held that the claim raised in the petition was barred from review as *res judicata* because it "could have been, but was not, raised on appeal" and that, in any event, the claim lacked merit. (Doc. 4, Ex. 17, pp. 3-4). It appears from the record that petitioner did not pursue an appeal in the state courts from that decision. (*See* Doc. 4, Ex. 29).

Over a year later, on December 15, 2008, petitioner's counsel filed a pleading with the trial court entitled "Motion To Enforce Plea Agreement." (Doc. 4, Ex. 18). In the motion, petitioner contended that the Fourteenth Amendment's Due Process Clause required the "enforcement of [his] original plea agreement" with a federal prosecutor, who promised petitioner he would receive a ten-year sentence in exchange for his cooperation with law enforcement. (Doc. 4, Ex. 18, pp. 3-11).

On March 18, 2009, the trial court dismissed the motion, which it construed "to be a petition for post-conviction relief as defined in R.C. 2953.21," as untimely and successive. (Doc. 4, Ex. 20, pp. 3-4). The court also held that petitioner's claims were barred from review under the doctrine of *res judicata*; that petitioner's plea bargain with the State, involving a jointly-recommended twenty-one year sentence, was knowingly, voluntarily and intelligently entered and was not induced by any prior plea agreement with a federal prosecutor. (Doc. 4, Ex. 20, pp. 4-7).

Petitioner's counsel filed a timely appeal from that decision on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 4, Exs. 21-22). On September 8, 2009, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 4, Ex. 24).

Petitioner's counsel appealed further to the Ohio Supreme Court. (Doc. 4, Exs. 25-26). On December 30, 2009, the state supreme court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 4, Ex. 28).

## Federal Habeas Corpus

Petitioner's counsel in the state delayed appeal and post-appeal proceedings filed the instant petition on petitioner's behalf on July 19, 2010. (Doc. 1). Petitioner alleges the following grounds for relief:

> **Ground One:** Petitioner's federal due process rights were violated when the government failed to abide by its plea agreement.
>
> **Supporting Facts:** During the murder investigation of a federal informant, a federal AUSA indicated that if Petitioner cooperated in the investigation he would receive a sentence of "about 10 years." Based on this representation, Petitioner and his counsel believed that he would in fact receive a sentence of 10 years. Relying on this understanding, Petitioner made a proffer to the government and incriminated himself in the murder.
>
> After Petitioner had incriminated himself and admitted to his involvement in the murder to the AUSA and others, the case was taken over by the Butler County Prosecutor. The state prosecutor withdrew the 10 year deal and indicated that Petitioner would have to plead guilty to an agreed sentence of 21 years. Otherwise, the prosecutor threatened that it would pursue the death penalty against Petitioner. Petitioner entered into the plea agreement proposed by the prosecutor and was sentenced to 21 years in prison.
>
> Petitioner submits that this "bait and switch" conduct on the part of the government was fundamentally unfair and violated the canons of decency and fairness of our system, resulting in an egregious violation of his Due Process rights. U.S. Const., amend. XIV.
>
> **Ground Two:** Petitioner's federal due process rights were violated when the state trial court refused to enforce the original plea agreement and impose a sentence of 10 years in prison.
>
> **Supporting Facts:** Due process required the state trial court to enforce the original plea agreement that was agreed to by the Petitioner and the Government.

> The state trial court should have enforced the plea agreement and imposed a sentence of 10 years.

(Doc. 1, pp. 6, 8).

Respondent has filed a motion to dismiss the petition. (Doc. 4). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 4, Brief, pp. 5-8). Petitioner opposes the motion to dismiss. (Doc. 5). He "does not dispute that he did not file his federal petition for a writ of habeas corpus within 1-year of his conviction." (Doc. 5, p. 2). However, petitioner contends that the petition "should still be considered timely" based on equitable tolling principles. (Doc. 5, p. 2).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 4) SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's grounds for habeas relief are based on known errors allegedly occurring during the plea bargaining process between petitioner and the Butler County prosecutor's office. Therefore, petitioner's claims are governed by the one-year limitations provision set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review.

As respondent has argued and petitioner has conceded, petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A) on March 16, 2006, when the thirty-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's February 14, 2006 final judgment entry.[2] (*See* Doc. 4, Ex. 3). The statute of limitations commenced running on March 17, 2006, one day after petitioner's conviction became final. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

During the applicable one-year limitations period commencing March 17, 2006,

---

[2] *See* Ohio R. App. P. 4(A); *see also Bailey v. Warden, Lebanon Corr. Inst.,* No. 1:09cv782, 2010 WL 3785242, at *3 (S.D. Ohio Aug. 27, 2010) (Report & Recommendation) (Wehrman, M.J.), *adopted,* 2010 WL 3785227 (S.D. Ohio Sept. 22, 2010) (Beckwith, J.). Petitioner is unable to prevail on any claim that his conviction did not become "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) until the 90-day period expired for seeking certiorari review in the United States Supreme Court from the Ohio Supreme Court's March 28, 2007 entry affirming the denial of his motion for delayed appeal. The Supreme Court has held that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A). *See Jimenez v. Quarterman,* 555 U.S. 113, 129 S.Ct. 681, 686 (2009). However, in this case, petitioner's delayed appeal motion was *denied.* Petitioner's unsuccessful motion did not restart the running of the statute of limitations under § 2244(d)(1)(A), although, if properly filed, it could serve under 28 U.S.C. § 2244(d)(2) to toll an unexpired limitations period during its pendency before the state courts. *See, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *see also Tribble v. Brunsman,* No. 1:09cv508, 2010 WL 3526475, at *3 n.2 (S.D. Ohio Aug. 17, 2010) (Report & Recommendation) (Wehrman, M.J.), *adopted,* 2010 WL 3526466 (S.D. Ohio Sept. 8, 2010) (Beckwith, J.).

7

petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* _ U.S. _, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). A state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). *Allen,* 552 U.S. at 5 (citing *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)); *see also Vroman,* 346 F.3d at 603.

"Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing' ... [that] places a limit on how long a prisoner can wait before filing a post-conviction petition." *Allen,* 552 U.S. at 6. The existence of certain exceptions to a timely filing requirement does not preclude a finding that a late petition was improperly filed. *Pace,* 544 U.S. at 413. As the Court explained in *Pace*:

In common understanding, a petition filed after a time limit, and which does not

8

> fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* Therefore, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414; *see also Allen,* 552 U.S. at 5-7; *Vroman,* 346 F.3d at 603.

In this case, the statute of limitations ran for 83 days after petitioner's conviction became final in March 2006 and was tolled on June 8, 2006, when petitioner filed his *pro se* petition for post-conviction relief with the Butler County Court of Common Pleas. (*See* Doc. 4, Ex. 4). The statute commenced running again on July 7, 2006, one day after the trial court issued its ruling dismissing the post-conviction petition, and ran for an additional 98 days before it was tolled a second time on October 13, 2006, the date petitioner filed his motion for delayed appeal with the Ohio Court of Appeals. (*See* Doc. 4, Exs. 6-8).[3] The clock did not start running again until March 29, 2007, one day after the Ohio Supreme Court dismissed petitioner's timely appeal from the denial of his delayed appeal motion. *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007) (tolling under 28 U.S.C. § 2244(d)(2) does not include the ninety-day period in which a petitioner could have sought certiorari review in the United States Supreme Court). At that point, 184 days remained in the one-year limitations period, which was thus due to expire on September 29,

---

[3]Although it can be argued that the delayed appeal motion did not serve to toll the limitations period because it presumably was denied on timeliness grounds, the undersigned will assume in petitioner's favor and as respondent has argued in accordance with Sixth Circuit precedents, *see, e.g., Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001), that the statute of limitations was tolled while the motion was pending in the Ohio courts.

9

2007.

Thereafter, petitioner's counsel filed with the trial court a "Motion To Correct Void Sentence" on October 23, 2007, followed by a "Motion To Enforce Plea Agreement" on December 15, 2008. (Doc. 4, Exs. 15, 18). However, because the statute of limitations had run its course by then, those additional state collateral review pleadings could not serve to further toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Vroman*, 346 F.3d at 602. Therefore, unless equitable tolling principles apply here, the limitations period expired on September 29, 2007, and the instant petition filed by petitioner's counsel well over two and one-half years later, on July 19, 2010, is time-barred.

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland*, 130 S.Ct. at 2560; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace,* 544 U.S. at 418).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1003, 1008 (citing *Andrews v. Orr,* 851 F.2d

146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner contends that his case "presents a unique set of circumstances," which warrants the equitable tolling of the one-year limitations period that otherwise ended on September 29, 2007. (Doc. 5, p. 2). According to petitioner, his claims for relief stemming from the alleged breach of his initial plea agreement with federal authorities were "not properly before the state court until he filed his 'Motion to Enforce Plea Agreement' on December 15, 2008." (Doc. 5, p. 3). He argues further that he "diligently pursued" relief in the state courts based on the claims raised in that motion by exhausting the state's available appellate remedies, which did not conclude until the Ohio Supreme Court issued the final entry on December 30, 2009 declining jurisdiction to hear the case and dismissing the appeal. (Doc. 5, pp. 3-4).

The undersigned is not persuaded by petitioner's argument, which fails to address or otherwise explain his lack of diligence in pursuing his claims for relief prior to the expiration of the limitations period in September 2007, or for that matter, within a year after the Ohio Supreme Court dismissed petitioner's preceding post-appeal collateral review motion on December 6, 2007. Petitioner, as a party to the plea negotiations purportedly occurring in both the federal investigation and state prosecution, knew the factual basis for his claims for relief when he entered his guilty plea in the Butler County case, well before his conviction became final in March 2006. Nevertheless, he did not challenge the validity of his agreement to a 21-year

sentence either during the plea proceeding or in his *pro se* post-conviction petition filed in June 2006. Although petitioner alleged in his motion for delayed appeal filed in October 2006 that he was denied due process when the State refused to honor his original plea bargain with federal agents (*see* Doc. 4, Ex. 8), he did not file a federal habeas petition or pursue any further available state court remedy in the six months remaining in the limitations period after the Ohio Supreme Court issued the final entry in the delayed appeal matter declining jurisdiction to hear the case.

Petitioner, therefore, has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement for federal habeas petitions, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, contrary to petitioner's contention, it is clear from the record that petitioner has not been diligent in pursuing his rights. Finally, petitioner has neither argued nor demonstrated that he is entitled to equitable tolling based on a credible showing of actual innocence. *See Souter v. Jones,* 395 F.3d 577, 588 (6th Cir. 2005).

Accordingly, in sum, the undersigned concludes that under the applicable one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on March 17, 2006, one day after petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review. The one-year period ended on September 29, 2007, after taking into account statutory tolling of the statute of limitations during the pendency of petitioner's *pro se* petition for post-conviction relief and motion for delayed appeal in the state courts. Equitable tolling principles do not apply to further

toll the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 4) should be **GRANTED**, and the instant habeas corpus petition filed in July 2010 (Doc. 1) should be **DISMISSED** with prejudice because it is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/16/2011
cbc

Karen L. Litkovitz
United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCHAWN D. LITTLE,　　　　　　　　　　Case No. 1:10-cv-468
　　Petitioner,
　　　　　　　　　　　　　　　　　　　　Bertelsman, J.
vs　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

WARDEN, WARREN CORRECTIONAL
INSTITUTION,
　　Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).